UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CARRIE M. CHRISTMAN,
            Appellant,

            v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
NY-315H-17-0086-I-1

DATE: June 14, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harvey P. Sanders, Esquire, Cheektowaga, New York, for the appellant.

Daniel S. Lacy, North Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective April 15, 2016, the agency terminated the appellant from her Test Coordinator position during her probationary period. Initial Appeal File (IAF), Tab 1 at 8. She filed a Board appeal alleging that her termination was due to discrimination based on her age, perceived disability, reprisal, and "her political claim." *Id.* at 4. On February 27, 2017, the administrative judge issued an acknowledgment order setting forth the law applicable to the question of the Board's jurisdiction and ordered the appellant to file evidence and argument showing that her appeal was within the Board's jurisdiction by March 14, 2017. IAF, Tab 2 at 2-5. The administrative judge also afforded the agency until March 24, 2017, to file a response on the jurisdictional issue. *Id.* at 5. The appellant did not respond to the administrative judge's order. On March 20, 2017, the agency submitted its response, arguing that the appellant failed to raise nonfrivolous allegations of Board jurisdiction. IAF, Tab 4 at 5-7.

¶3 On March 28, 2017, without holding the appellant's requested hearing, the administrative judge issued an initial decision, dismissing the appeal for lack of

jurisdiction.  IAF, Tab 5, Initial Decision (ID).  The administrative judge found that the appellant conceded that she was terminated during her probationary period and failed to raise a nonfrivolous allegation that her termination was due to partisan political reasons or marital status discrimination or that her termination was based on preappointment reasons and was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805.  ID at 4-5.  In particular, the administrative judge found that the appellant's bare assertion that she was discriminated against on the basis of her "political claim," without more, failed to amount to a nonfrivolous allegation.  ID at 5 n.5.

¶4      On March 29, 2017, one day after the issuance of the initial decision, the appellant submitted a response in which she argued that the initial decision was prematurely issued and she should have been afforded 10 days to respond to the agency's March 20, 2017 motion to dismiss.  IAF, Tab 7.  She further argued that she was not afforded an opportunity to address her allegation on her appeal form that she was terminated based on partisan political reasons and submitted an affidavit setting forth facts in support of such a claim.  *Id.*  Because the appellant's submission was received after the initial decision was issued, the administrative judge declined to consider it and informed the appellant that, if she was dissatisfied with the initial decision, she could file a petition for review.  IAF, Tab 8.

¶5      The appellant has filed a petition for review in which she argues that the administrative judge erred in failing to consider her response.  Petition for Review (PFR) File, Tab 1.  She maintains that she should have been afforded 10 days to respond to the agency's motion and, thus, the initial decision was prematurely issued prior to the deadline for her response.  *Id.*  We disagree and find that the administrative judge did not err in issuing the initial decision on March 28, 2017.  The acknowledgment order afforded the appellant until March 14, 2017, to submit evidence and argument establishing Board jurisdiction, afforded the agency until March 24, 2017, to file a response on the jurisdictional

issue, and indicated that the final date for receipt of submissions by the parties on the jurisdictional issue was March 24, 2017.[2] IAF, Tab 2 at 5. Thus, in light of the clear language in the acknowledgment order setting forth the applicable deadlines, we find unpersuasive the appellant's argument that she should have had 10 days to respond to the agency's motion to dismiss. Although the acknowledgment order also indicated that, *unless otherwise specified*, a response to a motion must be filed within 10 calendar days, here, the jurisdictional deadlines were clearly and separately specified. *Id.* at 5, 7. The appellant, who was represented by counsel, simply failed to file a jurisdictional response within the required deadline.

¶6         We similarly find unpersuasive the appellant's argument that the administrative judge should have considered her untimely response pursuant to 5 C.F.R. § 1201.59. PFR File, Tab 1 at 5. Under 5 C.F.R. § 1201.59(c), once the record closes, additional evidence or argument ordinarily will not be accepted unless the party submitting it shows that the evidence or argument was not readily available before the record closed or it is in rebuttal to new evidence or argument submitted by the other party just before the record closed. The appellant contends that her response should have been considered because it was not clear that her appeal would be dismissed for lack of jurisdiction and no argument was raised in support of dismissal until the agency submitted its response. *Id.* at 5-6.

¶7         We disagree. The administrative judge's order clearly informed the appellant that her appeal would be dismissed unless she raised nonfrivolous allegations of Board jurisdiction. IAF, Tab 2 at 5. The appellant does not allege that the information contained in her untimely March 29, 2017 response constitutes new and material evidence that was not readily available before the record closed on March 24, 2017. Additionally, we find that her March 29, 2017

---

[2] The order also noted that, notwithstanding the close of the record, pursuant to 5 C.F.R. § 1201.59(c), a party must be allowed to respond to new evidence or argument submitted by the other party just before the close of the record. IAF, Tab 2 at 5.

response does not constitute a rebuttal to new or material evidence or argument submitted by the agency. In its response, the agency simply summarized the applicable law as set forth in the acknowledgment order and argued that the appellant failed to meet her burden of raising nonfrivolous allegations of Board jurisdiction. IAF, Tab 4 at 5-7. The appellant's March 29, 2017 response set forth, for the first time, her arguments in support of her claim that her termination was due to partisan political reasons. IAF, Tab 7. Thus, it constitutes an untimely jurisdictional response that should have been filed by March 14, 2017. For these reasons, we find that the administrative judge did not abuse her discretion in declining to consider the appellant's untimely response. *See Gavette v. Department of the Treasury*, 44 M.S.P.R. 166, 174 (1990) (stating that the deadline for closing the record is within the sound discretion of the administrative judge so long as the procedures used comport with the basic requirements of fairness and notice). Similarly, we decline to consider the appellant's response for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

¶8 Accordingly, we affirm the initial decision, dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                /s/ for
                                                         _____
                                                         Jennifer Everling
                                                         Acting Clerk of the Board
Washington, D.C.